**DISMISSED IN PART, DENIED IN PART, and Opinion Filed April 24, 2024**



In The

Court of Appeals

Fifth District of Texas at Dallas

_____

No. 05-24-00427-CV

_____

**IN RE ERNEST M. EDSEL, JONATHAN FIELDING, TRAVIS W. BERKLEY, AND JOHN "JACK" DIMOND, Relators**

**Original Proceeding from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-16167**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

Before the Court is relators' April 9, 2024 petition for writ of mandamus. In their petition, relators raise several issues challenging the trial court's failure to rule or act on certain motions, including two motions to recuse, several motions contesting special appearances, and a rule 329b motion to modify or vacate the trial court's order granting the special appearances.

Entitlement to mandamus relief requires a relator to show that the trial court clearly abused its discretion and that the relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

After reviewing relators' petition and the record before us, we requested a response limited to the following issue: whether respondent Judge Tobolowsky failed to comply with a duty imposed by rule 18a of the Texas Rules of Civil Procedure and, if so, whether relators are entitled to any mandamus relief from any such failure. We received a response from respondent Judge Tobolowsky. She explained that she has signed an order recusing herself and attached a copy of her recusal order. Because relators have obtained the relief sought with respect to Judge Tobolowsky's compliance with rule 18a, we conclude that this issue is now moot. *See Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021) (orig. proceeding) (discussing mootness doctrine). Lacking jurisdiction over a moot issue, we dismiss relators' petition to the extent it relates to this issue. *See id.*

Regarding all remaining issues raised by relators' petition, we conclude that relators have failed to demonstrate entitlement to mandamus relief. Accordingly, we deny relators' petition as it relates to all remaining issues. *See* TEX. R. APP. P. 52.8(a).

240427f.p05

/Dennise Garcia//
DENNISE GARCIA
JUSTICE

–2–